```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

FRIEDRICH LU,                      )
          Plaintiff,               )
                                   )  Civ. Action No. 15-10615-PBS
          v.                       )
                                   )
CHARLES D. BAKER, JR., et al.,     )
          Defendants.              )
```

MEMORANDUM AND ORDER
March 9, 2016

SARIS, C.D.J.

For the reasons set forth below, the Court will deny Lu's

motions to compel, to strike and disqualify counsel (Docket Nos.

14, 25-26, 28); and will grant the pending motions to dismiss

(Docket Nos. 18, 23).

INTRODUCTION

On March 2, 2015, pro se plaintiff Friedrich Lu ("Lu"), who

is homeless, filed his one-page complaint pursuant to 42 U.S.C.

§ 1983 (civil action for deprivation of rights) against the

Governor of Massachusetts and Lauren M. Mitchell and Michael

O'Connor, two notaries public/court reporters, complaining that

the notaries refused to swear in plaintiff at the beginning of

depositions scheduled on January 16, 2013 and December 22, 2014.

See Complaint ("Compl."), Docket No. 1.

One month later, on April 3, 2015, Lu filed a two-page

amended complaint adding as defendants the companies that

employed the notaries public.  Mitchell's employer Jones &

Fuller Reporting and its owner Stephen D. Fuller were named as defendants along with O'Connor's employer G&M Court Reporters and its owner Mary Piccirilli.  See Amended Complaint ("Am. Compl."), Docket No. 12.

Lu alleges that the court reporter defendants "cast their lot with attorney general Maura Healey, in a joint venture to obstruct justice, in part by filing a series of papers in the instant action."  Id. at ¶ 5.  Lu further alleges that Governor Baker violated 42 U.S.C. § 1983 by depriving Lu's rights that are "secured by Supremacy Clause of and Fourteenth Amendment (due process and equal protection clauses) to the federal constitution."  Id. at ¶ 6.

Lu contends that he was unable to provide adequate identification at the depositions because "deputy sheriffs and police officers unconstitutionally took away all Lu's worldly belongings, including ID cards [in 1999]."  Id. at ¶ 4.  Through this action, Lu seeks to invalidate the standards of conduct for notaries public in Massachusetts pursuant to an executive order of then-Governor Mitt Romney in 2004 (Revised Executive Order No. 455 (04-04)).

Lu filed a request to default defendants Mitchell and O'Connor explaining that, as of May 27, 2015, neither Mitchell nor O'Connor answered or otherwise defended.  See Docket No. 20.

On May 1, 2015 defendant Baker filed a motion to dismiss the
amended complaint, and on July 30, 2015, defendant O'Connor
filed an answer to the original complaint.  See Docket Nos. 18,
22.

On August 3, 2015, Defendants Mitchell, Fuller and Jones &
Fuller Reporting filed a motion to dismiss the original
complaint.  See Docket No. 23.  Lu has filed motions (1) to
compel Governor to take a stand on Executive Orders; (2) to
disqualify counsel; and (3) to strike Mitchell and Fuller's
motion to dismiss.  See Docket Nos. 14, 25, 28.

Additionally, Lu filed oppositions to the motions to
dismiss of Baker and Mitchell, Fuller and Jones & Fuller
Reporting.  See Docket Nos. 19, 27.

### LU'S MOTION TO DISQUALIFY

As an initial matter, Lu seeks to disqualify counsel for
defendants Mitchell, Fuller and Jones & Fuller Reporting.  Lu
complains that at the deposition in question, this attorney had
been counsel for a defendant in the lawsuit where defendant
Mitchell is alleged to have refused to swear in Lu.

A party may seek the disqualification of an adversary's
counsel.  See Lu v. Hulme, No. CA 12-11117-MLW, 2013 WL 1331028,
at *3 (D. Mass. Mar. 30, 2013).  However, such disqualification
is a "drastic measure."  Id. (citing Adoption of Erica, 426
Mass. 55, 58, 686 N.E.2d 967 (1997)).  It should only be granted

as "a measure of last resort" when necessary to assure "the ethical and orderly administration of justice." Id. (citing In re Grand Jury Proceedings, 859 F.2d 1021, 1026 (1st Cir. 1988)).

Here, Lu contends that counsel is a witness to the events in question.  However, Lu has failed to raise a significant concern that counsel would be required to testify in this action, and because there is no other source of a potential conflict, the request to have defense counsel removed from this action is denied.

## LU'S REQUEST TO COMPEL

On April 14, 2015, approximately six weeks after filing his original complaint, Lu filed a motion seeking to "Compel [Governor] Baker to Take a Stand on Executive Orders." See Docket No. 14.  Through this motion, Lu seeks to have Governor Baker provide a "pronouncement of his stance" before "we embark on certification of questions to state court." Id.  The following month, on May 1, 2015, Governor Baker filed a motion to dismiss.  See Docket No. 18.  This motion, among other things, addresses Lu's challenge to the Executive Order.  See infra, ¶ B.  Thus, Lu's motion to compel will be denied.

## LU'S MOTION TO STRIKE

Lu has moved to strike defendant O'Connor's answer as well as the motion to dismiss filed by defendants Mitchell, Fuller and Jones & Fuller Reporting, Inc.  See Docket Nos. 25-26.  Lu

4

states that defendants O'Connor and Mitchell are not entitled to answer or file a responsive pleading based on Lu's contention that they are both in default.  Id.  Lu notes that counsel for Governor Baker initially filed an appearance on behalf of the Governor as well as O'Connor and Mitchell, but the following day filed an amended appearance on behalf of the Governor alone. Id.  However, the docket shows that defendant O'Connor filed an answer and Mitchell a motion to dismiss.  See Docket.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts generally do not view motions to strike affirmative defenses favorably.  See 5C C. Wright & A. Miller, Federal Practice & Procedure § 1381 (3d ed. 2004); Boreri v. Fiat, S.P.A., 763 F.2d 17, 23 (1st Cir. 1985) (such motions are "disfavored in practice").  "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381, at 421-22 (3d ed. 2004).

Here, defendants O'Connor and Mitchell are not in default, having responded to plaintiff's complaint.  As plaintiff has not shown prejudice, there is no reason to allow Lu's motions to strike.

DISCUSSION

A.   Standard of Review

A 12(b)(6) motion is used to dismiss complaints that do not "state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion, the Court must accept the factual allegations in Lu's amended complaint as true, construe reasonable inferences in his favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation and internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(court is "not bound to accept as true a legal conclusion couched as a factual allegation").

Despite his pro se status, Lu must comply with these requirements.  "[T]he fact that [Lu is proceeding] pro se militates in favor of a liberal reading" of his allegations and the Court's "task is not to decide whether the plaintiff ultimately will prevail but, rather, whether he is entitled to undertake discovery in furtherance of the pleaded claim[s.]" Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 13 (1st

6

Cir. 2004) (citations omitted); see Ahmed v. Rosenblatt, 118
F.3d 886, 890 (1st Cir. 1997).

B.    Governor Baker's Motion to Dismiss

Governor Baker argues that Lu's amended complaint fails to
state a claim against him because (1) the factual allegations do
not involve any action or inaction by Governor Baker or former
Governor Romney, and (2) the Revised Executive Order No. 455
(04-04) survives Lu's constitutional attack.  In his opposition,
Lu argues that he is suing Baker in his official capacity and
clarifies that he challenges the constitutionality of the
Executive Order on an as-applied basis.

Section 1983 in itself does not confer substantive rights,
but provides a venue for vindicating federal rights elsewhere
conferred. See Graham v. M.S. Connor, 490 U.S. 386, 394 (1989)
("The validity of the [§ 1983] claim must ... be judged by
reference to the specific constitutional standard which governs
that right."); see also Baker v. McCollan, 443 U.S. 137, 144 n.
3 (1979) (observing that Section 1983 "is not itself a source of
substantive rights, but a method for vindicating federal rights
elsewhere conferred").

To state a claim for relief under 42 U.S.C. § 1983, "a
plaintiff must allege the violation of a right secured by the
Constitution and laws of the United States, and must show that
the alleged deprivation was committed by a person acting under

color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

The requirements for notarization of all documents were changed significantly in May of 2004 by the Executive Order "Standards of Conduct for Notary Public." <u>See</u> 16A Mass. Prac., Legal Forms § 92:1 (5th ed.).  Among other things, the Executive Order imposed a specific requirement that an individual be "identified by the notary public through satisfactory evidence of identity." <u>Id.</u>  Courts have held that the requirements of the Executive Order do not supersede existing statutes, other forms under state law, or regulations.  <u>In re Dessources</u>, 430 B.R. 330, 335 (Bankr. D. Mass. 2010) (holding that violation of Revised Executive Order No. 455 did not affect the validity of a mortgage when notary failed to state the manner in which the notary identified the mortgagor); <u>see</u> <u>also</u> <u>In re Greater Love Tabernacle Church of Boston</u>, 536 B.R. 38, n. 6 (Bankr. D. Mass. Aug. 21, 2015) (citing <u>In re Dessources</u>, 430 B.R. at 335) (the forms for notaries to use when issuing certificates of acknowledgment that are listed in Revised Executive Order No. 455 (04-04), promulgated by the Governor of the Commonwealth of Massachusetts, are not mandatory and they do not supersede the statutory scheme).

Initially, plaintiffs asserted a facial challenge to the Executive Order. Generally, "a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances

exists under which [the law] would be valid,' i.e., that the law is unconstitutional in all its applications." Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)); Cf. Tulsa Fire Fighters Ass'n, IAFF Local 176, AFL-CIO v. City of Tulsa, Oklahoma, 834 F. Supp. 2d 1277, 1289 (N.D. Oklahoma 2011) (denying request to enjoin enforcement of a mayor's executive order that prohibited firefighters from participating in political campaigns because executive order broadly encompasses actions for which a city could properly discipline employees such as campaigning in an official uniform). He has abandoned this facial challenge and instead claims the Executive Order was unconstitutional as applied to him. This argument fails because plaintiff does not allege that Baker in his individual capacity deprived him of any protected liberty or property interest as a result of the identification requirements at the deposition. He is sued only in his official capacity.  Accordingly, the claim against Governor Baker is dismissed.

C.   Motion to Dismiss of Defendants Lauren
     Mitchell, Jones & Fuller Reporting and Stephen Fuller

     The initial contention of defendants Lauren Mitchell, Jones & Fuller Reporting and Stephen Fuller is that the Court lacks subject-matter jurisdiction over plaintiff's claim and, if the

court finds jurisdiction, they contend that Lu fails to state a
claim against these defendants.  Because plaintiff asserts a
constitutional claim, the Court finds it has subject matter
jurisdiction.[1]

Mitchell submits an affidavit stating that the deposition
went forward on January 16, 2013, and she did swear in Lu based
upon agreement of the parties that he was, in fact, Friedrich
Lu.  It is well established that at the motion to dismiss stage,
"any consideration of documents not attached to the complaint,
or not expressly incorporated therein, is forbidden, unless the
proceeding is properly converted into one for summary judgment
under Rule 56."  Watterson v. Page, 987 F.2d 1, 3 (1st
Cir.1993); see Fed. R. Civ. P. 12(d).  However, the Court need
not consider the affidavit because the claim is without merit.

Plaintiff argues that the defendant notaries public
deprived him of his constitutional rights at the deposition.
Under the Fourteenth Amendment of the Constitution, no State
shall "deprive any person of life, liberty, or property, without
due process of law." U.S. Const. amend. XIV, § 1.  In order to
establish a due process claim under 42 U.S.C. § 1983, Lu must
first prove that he has a liberty or property interest and,
second, that defendants, acting under color of state law,

---

[1] The same would be said for defendants Jones & Fuller and Fuller
individually.

deprived him of that interest without a constitutionally adequate process.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); PFZ Properties, Inc. v. Rodríguez, 928 F.2d 28, 30 (1st Cir. 1991).  Here, Lu does not allege what protected liberty or property interest he was deprived of.  Because plaintiff is pro se, and the pleadings must be construed liberally, the complaint could be read to assert that the identification requirements at the deposition interfered with his access to the courts because he was homeless and did not have identification documents.  See generally Boddie v. Connecticut, 401 U.S. 371, 379 (1971)(sustaining a challenge under the Due Process Clause of the Fourteenth Amendment on the ground that indigent plaintiff was denied access to divorce proceedings because of the court's filing fee requirement).

Even if Lu had been denied access to the court because of the refusal of the court reporter to notarize his deposition, Lu must also demonstrate the absence of a "sufficient countervailing justification for the state's action."  Id. at 380-381.  Here, the Executive Order provides alternatives to the notary public for identifying the deponent, like a government-issued identification, the oath of a credible witness who is personally known to the public notary and who personally knows the deponent, or the personal knowledge of the public notary taking the deposition.  Revised Executive Order No. 455 (04-04).

Lu has not alleged that he could not fulfill any of the
requirements for identification.  The requirements that a notary
public verify for identification of the deponent is reasonably
related to the state interest in guarding against fraud.  The
Court concludes that the as-applied challenge to the Executive
Order must fail.

In any event, the Court has not found any case law stating
that a court reporter/notary is a state actor acting under the
color of state law when taking and transcribing a deposition.
Cf. Broadley v. Hardman, 301 Fed. App'x 4, 6 (1st Cir. 2008)
(per curiam) (holding that the issuance of a subpoena by the
notary public was insufficient to create state action).

Moreover, Lu has not pled any personal involvement by
defendants Stephen Fuller and Jones & Fuller, in the alleged
constitutional violations.  Thus, his claims against these
defendants should be dismissed. See supra, ¶ B.

Accordingly, plaintiff's claims against the Governor in his
official capacity and against Lauren Mitchell, Jones & Fuller
Reporting and Stephen Fuller fail to state a claim upon which
relief can be granted.

ORDER

Based upon the foregoing, it is hereby Ordered that:

1.   Plaintiff's Motion (Docket No. 14) to Compel is
     DENIED;

2.   Defendant Baker's Motion (Docket No. 18) to Dismiss is
     GRANTED;

3.   Defendants' Motion (Docket No. 23) is granted in part
     and denied in part.  The motion is denied as to
     dismissal for lack of subject matter jurisdiction and
     granted for failure to state a claim;

4.   Plaintiff's Motion (Docket No 25) to Strike Answer is
     DENIED;

5.   Plaintiff's Motion (Docket No. 26) to Strike Motion to
     Dismiss is DENIED; and

6.   Plaintiff's Motion (Docket No. 28) to Disqualify
     Counsel is DENIED.


SO ORDERED.

                         /s/ Patti B. Saris
                        PATTI B. SARIS
                        CHIEF UNITED STATES DISTRICT JUDGE