UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRIEDRICH LU,                    )
        Plaintiff,               )
                                 )   Civ. Action No. 15-10615-PBS
        v.                       )
                                 )
CHARLES D. BAKER, JR., et al.,   )
        Defendants.              )

MEMORANDUM AND ORDER
March 30, 2016

SARIS, C.D.J.

For the reasons set forth below, the Court grants the
pending motion to dismiss (Docket No. 37).

INTRODUCTION

This pro se, civil rights action was initiated on March 2,
2015, against two notaries public/court reporters and Governor
Baker by plaintiff Friedrich Lu ("Lu"), who is homeless.  On
April 3, 2015, Lu filed a two-page amended complaint adding as
defendants the companies that employed the two notaries public.

By Memorandum and Order dated March 9, 2016, the Court
allowed the motions to dismiss of defendants Baker, Mitchell,
Fuller and Jones & Fuller Reporting.  See Docket No. 32.  At
that time, the Court denied Lu's motions to compel, strike
answer, disqualify counsel and dismiss.  See Docket Nos. 14, 25-
26, 28.  By separate Order dated March 9, 2016, Lu was ordered
to file, no later than April 1, 2016, a valid return of service
as to defendants G&M Court Reporters and Mary Piccirilli or show

good cause in writing for why service has not been made within
the time required by Fed. R. Civ. P. 4(m).  <u>See</u> Docket No. 34.

Now before the Court is defendant O'Connor's motion to
dismiss.  <u>See</u> Docket No. 37.  Lu filed a timely opposition.  <u>See</u>
Docket No. 38.  Lu also filed a notice advising the court that,
among other things, he did not receive copies of docket entries
number 29 (dated October 8, 2015); number 32 (dated March 9,
2016) and number 33 (dated March 9, 2016).  <u>See</u> Docket No. 39.
Lu explains that he did receive an envelope containing docket
numbers 34, 35 and 36 which were dated March 9, 2016.  <u>Id.</u>

DISCUSSION

A.   <u>Defendant O'Connor's Motion to Dismiss</u>

   I.   <u>Standard of Review</u>

A 12(b)(6) motion is used to dismiss complaints that do not
"state a claim upon which relief can be granted." <u>See</u> Fed. R.
Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion, the
Court must accept the factual allegations in Lu's amended
complaint as true, construe reasonable inferences in his favor,
and "determine whether the factual allegations in the
plaintiff's complaint set forth a plausible claim upon which
relief may be granted."  <u>Foley v. Wells Fargo Bank, N.A.</u>, 772
F.3d 63, 71 (1st Cir. 2014) (citation and internal quotation
marks omitted).  "Threadbare recitals of the elements of a cause
of action, supported by mere conclusory statements, do not

2

suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); see also

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(court is

"not bound to accept as true a legal conclusion couched as a

factual allegation").

   Despite his <u>pro se</u> status, Lu must comply with these

requirements.  "[T]he fact that [Lu is proceeding] <u>pro se</u>

militates in favor of a liberal reading" of his allegations and

the Court's "task is not to decide whether the plaintiff

ultimately will prevail but, rather, whether he is entitled to

undertake discovery in furtherance of the pleaded claim[s.]"

<u>Rodi v. Southern New England Sch. of Law</u>, 389 F.3d 5, 13 (1st

Cir. 2004) (citations omitted); <u>see</u> <u>Ahmed v. Rosenblatt</u>, 118

F.3d 886, 890 (1st Cir. 1997).

   II.   The Complaint Fails to State a
         <u>Claim Against Defendant O'Connor</u>

   Lu argues that defendant O'Connor deprived him of his

constitutional rights at the December 22, 2014 deposition when

O'Connor failed to administer an oath to Lu.  Under the

Fourteenth Amendment of the Constitution, no State shall

"deprive any person of life, liberty, or property, without due

process of law." U.S. Const. amend. XIV, § 1.  In order to

establish a due process claim under 42 U.S.C. § 1983, Lu must

first prove that he has a liberty or property interest and,

second, that defendants, acting under color of state law,

3

deprived him of that interest without a constitutionally adequate process.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); PFZ Properties, Inc. v. Rodríguez, 928 F.2d 28, 30 (1st Cir. 1991).  Here, Lu does not allege what protected liberty or property interest he was deprived of.

Because plaintiff is pro se, and the pleadings must be construed liberally, the complaint could be read to assert that the identification requirements at the deposition interfered with his access to the courts because he was homeless and did not have identification documents.  See generally Boddie v. Connecticut, 401 U.S. 371, 379 (1971)(sustaining a challenge under the Due Process Clause of the Fourteenth Amendment on the ground that indigent plaintiff was denied access to divorce proceedings because of the court's filing fee requirement).

Even if Lu had been denied access to the court because of the refusal of the court reporter to notarize his deposition, Lu must also demonstrate the absence of a "sufficient countervailing justification for the state's action."  Id. at 380-381.  Here, the Executive Order provides alternatives to the notary public for identifying the deponent, like a government-issued identification, the oath of a credible witness who is personally known to the public notary and who personally knows the deponent, or the personal knowledge of the public notary taking the deposition.  Revised Executive Order No. 455 (04-04).

Lu has not alleged that he could not fulfill any of the requirements for identification.  The requirements that a notary public verify for identification of the deponent is reasonably related to the state interest in guarding against fraud.  The Court concludes that the as-applied challenge to the Executive Order must fail.

Moreover, the Court has not found any case law stating that a court reporter/notary is a state actor acting under the color of state law when taking and transcribing a deposition. <u>Cf.</u> <u>Broadley v. Hardman</u>, 301 Fed. App'x 4, 6 (1st Cir. 2008) (per curiam) (holding that the issuance of a subpoena by the notary public was insufficient to create state action).

Accordingly, plaintiff claim against O'Connor fails to state a claim upon which relief can be granted.

B.   <u>Lu's Notice to the Court on Lack of Notice</u>

Lu complains that he was not copied on the October 8, 2015 letter from the clerk to attorney Correia-Champa.  <u>See</u> Docket No. 29.  Whether or not Lu was "cc'd" on the letter, as a party to this action, he should have received a copy of the letter by regular mail.  <u>See</u> NEF (notice of electronic filing), Docket No. 29.  As noted in the NEF, Lu and O'Connor do not receive electronic notice of docket entries and the notices are sent by regular mail.  <u>Id.</u>

Additionally, Lu complains that he did not receive copies of (1) the March 9, 2016 Memorandum and Order (#32) and (2) the March 9, 2016 clerk's entry (#33) stating that a copy of the Memorandum and Order was mailed to both Lu and O'Connor on March 9, 2016. <u>See</u> Docket No. 39. Because Lu states that he did receive an envelope containing a separate Order (#34) dated March 9, 2016, as well as the accompanying docket entries (#35, #36), it appears that the clerk has mailed documents to Lu and that the problem may lie with the delivery of the mail at Lu's mailing address.

<u>ORDER</u>

Based upon the foregoing, it is hereby Ordered that:

1.   Defendant O'Connor's Motion (Docket No. 37) to Dismiss is granted; and

2.   Plaintiff Lu is reminded that he was ordered to file, no later than April 1, 2016, a valid return of service as to defendants G&M Court Reporters and Mary Piccirilli or show good cause in writing for why service has not been made within the time required by Fed. R. Civ. P. 4(m), or this action will be subject to dismissal without prejudice against G&M Court Reporters and Mary Piccirilli.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE