```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

FRIEDRICH LU,                      )
         Plaintiff,                )
                                   )  Civ. Action No. 15-10615-PBS
         v.                        )
                                   )
CHARLES D. BAKER, JR., et al.,     )
         Defendants.               )
```

MEMORANDUM AND ORDER
April 13, 2016

SARIS, C.D.J.

For the reasons set forth below, the Court denies plaintiff's request for default (Docket No. 42). Plaintiff shall have 14 days from the date of this order to effect proper service on defendants G & M Court Reporters and Mary Piccirilli and to file a return of service with this court  The Court will dismiss the amended complaint against defendants G & M Court Reporters and Mary Piccirilli for failure to file a return of service, unless the return is filed within two weeks.

BACKGROUND

Last year, pro se plaintiff Friedrich Lu ("Lu") initiated this civil rights action against Governor Baker and two notaries public/court reporters.  Lu's original complaint named Lauren M. Mitchell, Michael O'Connor and Governor Baker as defendants and his amended complaint added as defendants the companies that employed the notaries public, including O'Connor's employer G & M Court Reporters and its owner Mary Piccirilli.  Last month,

the claims against defendants Baker, Mitchell, O'Connor, Fuller and Jones & Fuller Reporting were dismissed. See Docket Nos. 32, 41.

By Order dated March 9, 2016, plaintiff was advised that he had not filed a return of service on defendants G & M Court Reporters and Mary Piccirilli. See Docket No. 34. Plaintiff was ordered to file a valid return of service as to these two defendants or show good cause why service has not been made. Id.

In response to the Court's March 9, 2016 Order, Lu filed a reply and a request for default as to defendants G & M Court Reporters and Mary Piccirilli. See Docket Nos. 42-43. Lu did not file a return of service. See Docket.

In his reply, Lu simply states that defendants G & M Court Reporters and Mary Piccirilli have appeared in this matter and refers to the motion for default. See Docket No. 43.

In the motion for default Lu explains that he was served by mail with a copy of the defendants' Answer. See Docket No. 43. As noted by Lu, on September 28, 2015, an attorney attempted to electronically file the defendants' Answer. However, by letter dated October 8, 2015, the clerk returned the Answer because counsel was not admitted to practice in this Court. See Docket No. 29. Although counsel for the other defendants were cc'd on the clerk's letter, Lu was not. Id. Lu states that he did not

receive a notice of electronic filing of this letter and that he had not learned that the Answer was not, in fact, entered on the docket until March 25, 2016.  See Docket No. 42.

The Court's records show that on May 27, 2015, Lu sought default as to defendants O'Connor and Mitchell.  See Docket No. 22.  This request was premature because O'Connor subsequently filed a pro se answer and Mitchell, through counsel, moved to dismiss the complaint. See Docket Nos. 22, 23.  Now, Lu argues that if he had learned that the Answer was never filed, he would have sought default sooner.  See Docket No. 42.

## DISCUSSION

It is the plaintiff's responsibility to either effect proper service, or follow the formalities for waiving service. See Fed. R. Civ. P. 4(c) ("The plaintiff is responsible for having the summons and complaint served within the time allowed"); Fed. R. Civ. P. 4(d) (providing specific instructions and requirements for waiving service of process).

Lu was ordered to demonstrate that he effected service on defendants G&M Court Reporters and/or Mary Piccirilli in a timely manner or show good cause why he has failed to do so. In response, Lu fails to provide any evidence to establish sufficient service of process.  In fact, in citing Chute v. Walker, 281 F.3d 314, 319-320 (1st Cir. 2002), Lu mistakenly

suggests that the court cannot look into sufficiency of process *sua sponte*.[1]

Without submitting proof of service, Lu argues[2] that defendants' attempt to file an answer has the same effect as entering their appearance.  Even if the court considers the fact that the defendants may have received actual notice of the suit, Lu's reasoning is incorrect inasmuch as this is not a substitute for proper service.

Lu's response completely fails to address or demonstrate adequate service on either G&M Court Reporters and/or Mary Piccirilli.  Instead, Lu pursues default against the two remaining defendants despite the fact that he has not formally filed a return of service.  Plaintiff cannot obtain default against defendants he has not properly served by asserting that the "two defendants have appeared" by counsel's attempt to file an answer.[3]

---

[1] In Chute, the First Circuit held that once a defendant waived any objection to insufficient service of process, the court may not dismiss on that ground (whether on motion or *sua sponte*).

[2] In support of this contention, Lu references 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2686 (3d ed. 1998) for the proposition that the defendants' attempt to file the Answer and/or serve the Answer on Lu is "a hallmark of their appearance."  See Docket No. 42.  Lu's reliance on this federal treatise is misplaced because it concerns *a defendant's right to notice* before the entry of default.

[3] Even though the defendants purported Answer is not on the docket, the court recognizes objections to the sufficiency of service of process are not waived if they are timely raised in

Under the circumstances, Lu's request to default will be denied and I find that plaintiff has failed to file a return of service.

ORDER

Based upon the foregoing, it is hereby Ordered that:

1. Plaintiff's request for default (Docket No. 42) is DENIED; and

2. The Clerk shall reissue summons for service of the amended complaint on defendants G & M Court Reporters and Mary Piccirilli.  The Clerk shall mail the summons to plaintiff with a courtesy copy of the amended complaint.

3. Plaintiff shall have 14 days from the date of this order to effect proper service on defendants G & M Court Reporters and Mary Piccirilli and to file a return of service with this court.  The amended complaint will be dismissed against defendants G & M Court Reporters and Piccirilli, unless the return is filed within two weeks.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE

---

an answer or motion filed pursuant to Rule 12.  See Fed. R. Civ. P. 12(h)(1).