```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

FRIEDRICH LU,                       )
        Plaintiff,                  )
                                    )  Civ. Action No. 15-10615-PBS
        v.                          )
                                    )
CHARLES D. BAKER, JR., et al.,      )
        Defendants.                 )
```

                              ORDER
                           June 7, 2016

SARIS, C.D.J.

     By Memorandum and Order dated May 4, 2016, this pro se action was dismissed. See Docket No. 48. On May 17, 2016, thirteen days after this case was closed, Plaintiff's motion for scheduling conference was filed. See Docket No. 50. Apparently, Plaintiff mailed his motion to the Court before receiving a copy of the Court's order dismissing the case. Plaintiff subsequently filed a motion for reconsideration and a renewed motion for scheduling conference. See Docket Nos. 51, 52.

     Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to grant a party relief from a prior final judgment for certain enumerated reasons. The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Even though Plaintiff's motion for reconsideration does not identify the applicable section under

which he seeks relief, the motion fails to state any legitimate basis to have this Court reconsider its prior order to dismiss this action.  Because Plaintiff fails to establish that reconsideration is warranted, the motion will be denied.

Additionally, the motions for scheduling conference will be disregarded because they were improperly filed in a closed case. See Fisher v. Kadant, 589 F. 3d 505, 509 (1st Cir. 2009) (holding that unless Rule 60 motion allowed, and judgment set aside, "the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to amend.").

Finally, the Court notes that Plaintiff's motion for scheduling conference simply states that "[t]he court must accept the inconvenient fact, that the case is not going away." See Docket No. 50.  It appears that Plaintiff will not accept the finality of the rulings by this Court.  Despite the dismissal of this action, Plaintiff has filed motions seeking relief that has already been denied.  Plaintiff is warned that if he continues to file motions[1] in this closed case seeking relief that has already been denied, the Court will find such conduct sanctionable as vexatious and an abuse of the processes of this Court for the administration of justice.

---

[1] This warning does not pertain to the filing of timely notices of appeal.

<u>ORDER</u>

Based upon the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion (Docket No. 51) for Reconsideration is DENIED.

2. The Plaintiff's Motions (Docket Nos. 50, 52) for Scheduling Conference are DENIED.

3. Plaintiff is warned that if he continues to file motions seeking relief that has already been denied, the Court will find such conduct sanctionable as vexatious[2] and an abuse of the processes of this Court for the administration of justice. This warning does not apply to the filing of timely notices of appeal to the United States Court of Appeals for the First Circuit and papers solely in furtherance of such an appeal.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." <u>Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc.</u>, 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted). Vexatious conduct may be found even in the absence of subjective bad intent, <u>Local 285 Serv. Employees Int'l</u>, 64 F.3d at 737.